In the Matter of the Claim of WILLIAM J. MORAN, Respondent, against ESSO STANDARD OIL COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board, finding 50% partial disability on the part of the claimant and making an award accordingly. Claimant was an installation mechanic employed by the appellant. On May 10, 1950, he suffered a strained back while at work; he was disabled for two weeks and then returned to work. He was assigned to a job as a plant helper or porter, sweeping the plant office and locker room. However, he received the same salary as that which he had received as an installation mechanic. This transfer was apparently not due primarily to the injury but was the result of a request which the claimant himself had made prior to the injury for a transfer from installation work to less strenuous work, in order to protect a finger which he had injured while he was in the United States Navy. The claimant worked at the porter job for about eight months, until December 20, 1950, when he voluntarily resigned. The appellant was willing to continue the claimant at the porter job indefinitely but the claimant asserted that the work was too menial and that it adversely affected his morale and his outlook upon life. He therefore decided to quit, withdraw from the labor market and go to Florida to attend the University of Miami under the " G. I. Bill of Rights ". He testified that in Florida he stayed in the sun as much as possible and that he found this helpful for his back. The record justifies the conclusion that the claimant still suffered from the effects of the back injury and that he was probably unable to continue as an installation mechanic but there is no evidence that he was not physically able to perform the lighter duties of a porter. Upon this record, there is no substantial evidence to support a finding of 50% partial disability. Decision and award of the Workmen's Compensation Board reversed, on the law, without costs, and the case is remitted to the board for further proceedings not inconsistent with this memorandum. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.